

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-9-2003

# USA v. Morrow

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3980

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Morrow" (2003). *2003 Decisions.* Paper 283.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/283

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3980

UNITED STATES OF AMERICA

v.

TROY J. MORROW,

Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 01-cr-00456)
District Judge: Honorable Stephen M. Orlofsky

Submitted Under Third Circuit LAR 34.1(a)
July 31, 2003

Before: SCIRICA, Chief Judge, RENDELL and AMBRO, Circuit Judges

(Opinion filed : September 9, 2003)

OPINION

AMBRO, Circuit Judge

Troy J. Morrow appeals his sentence, imposed in connection with a February 13, 2001,

bank robbery in Parsippany, New Jersey. Because we lack jurisdiction, we dismiss this appeal.

**I.      Facts and Procedural History**

On July 11, 2001, a federal grand jury returned a four-count indictment against Morrow,

charging him with two counts of bank robbery and two counts of knowingly jeopardizing the life of a bank teller during a bank robbery by using a dangerous weapon, both violations of 18 U.S.C. § 2113. Morrow was indicted in connection with two bank robberies, one occurring on February 1, 2001, at the First Union Bank located in Manalapan, New Jersey, and one occurring on February 13, 2001, at the First Union Bank located in Parsippany, New Jersey. Pursuant to a plea agreement, Morrow pleaded guilty to one count of bank robbery and one count of jeopardizing the life of a bank teller, both counts in connection with the February 1 robbery.

The United States Probation Office issued a revised Presentence Report for Morrow on June 10, 2002, determining that his total offense level was 31 and that his criminal history category was VI. This corresponded to a guideline range of 188 to 235 months of imprisonment. Morrow filed a downward departure motion under U.S.S.G. § 5K2.0, arguing first that he suffered mental and physical abuse as a teenager that resulted in unusual emotional problems, second that he cooperated with law enforcement authorities from the moment of his arrest, and finally that he accepted full responsibility for his actions.

The District Court accepted the guidelines range proposed by the Probation Office, and denied Morrow's request for a downward departure, stating that, "while I acknowledge that I have the authority to depart downwardly under the Sentencing Guidelines, for the reasons I shall now place on the record, I decline to do so in this case." It imposed a sentence of 188 months of imprisonment, five years of supervised release, and $6,082 in restitution. This appeal followed.

II.     Discussion

Morrow's sole argument on appeal is that the "district court abused its discretion by refusing to depart downward in its sentencing." We may consider a District Court's ruling on a

2

sentencing departure motion only when the ruling is "based on the district court's belief that a departure was legally impermissible." United States v. Stevens, 223 F.3d 239, 247 (3d Cir. 2000). We have no jurisdiction to "hear a challenge to the merits of a sentencing court's discretionary decision not to depart downward from the Guidelines." United States v. Georgiadis, 933 F.2d 1219, 1222 (3d Cir. 1991). Here, the District Court acknowledged that it had discretion to depart downward, but declined to do so. Accordingly, we lack jurisdiction to consider this argument.

Because we lack jurisdiction to consider Morrow's challenge to the District Court's exercise of discretion, we dismiss his appeal.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Thomas L. Ambro
Circuit Judge

4